# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAUDE GOULDING and MICHELLE GOULDING, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION, <br><br> Defendant. | Civ. No. 17-3862 (KM) <br><br> **MEMORANDUM OPINION** |

This matter comes before the Court on an emergent motion to stay eviction. The following facts are gleaned from the state court papers attached to the motion.

The Plaintiffs, Claude and Michelle Goulding, were subject to a final judgment of foreclosure in New Jersey State Court on June 16, 2014. (*US Bank Nat'l Ass'n v. Goulding*, F-7679-13 (Super. Ct. Bergen Cty.)) Their motion to vacate the judgment was denied, and their motion to stay a sheriff's sale was denied. A sheriff's sale was held on July 22, 2016, and the property was conveyed to a third party. The plaintiffs apparently remained in possession, however. An eviction was scheduled for May 17, 2017.

The plaintiffs moved in the trial court, in the Appellate Division, and in the New Jersey Supreme Court for a stay of judgment pending appeal. All three courts denied a stay. The Appellate Division, however, delayed the eviction until June 2, 2017, in order to give the plaintiffs time to prepare.

Meanwhile, the plaintiffs attached their Appellate Division and Supreme Court stay motions to a letter addressed to this Court and received on May 22, 2017. No *in forma pauperis* application was submitted, and no filing fee was tendered. There is no indication that these papers, at least in their federal form, were served on the plaintiffs' adversary. In light of the emergent circumstances, I will set aside procedural irregularities and treat the letter as a

civil complaint for injunctive relief and/or order to show cause. What it amounts to is a motion for a temporary restraining order.

The plaintiffs' letter to this Court states:

> This Complain[t] by plaintiff [*i.e.*, in the state foreclosure action] should have been dismissed for so many reasons, such as
>
> 1. Plaintiff did not serve a notice of intent to foreclose. N.J. Stat. Ann. § 2A:50-56.
>
> 2a. Defendant in a motion to compel and vacate default, asked for inspection of original document relevant to the case. This was denied. Without any remedies Rule 26(a)(1)(B)
>
> 2b. In other motions written and orally presented in court, defendant asked disclosure, and was denied.
>
> 3. Defendants brought to the court's attention evidentiary support in several motions of mortgage fraud and misrepresentation, it was denied. Under N.J.S.A. 2C:20-4, see also New Jersey Consumer Fraud Act (N.J.S.A. 56:8.56:8-3)

The letter goes on to state that the final judgment of foreclosure "should not have been granted."

The fourfold standard for injunctive relief requires the plaintiff to demonstrate

> [1] that [s]he is likely to succeed on the merits,
>
> [2] that [s]he is likely to suffer irreparable harm in the absence of preliminary relief,
>
> [3] that the balance of equities tips in his/[her] favor, and
>
> [4] that an injunction is in the public interest."

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (line breaks and numbering added). All four factors are important, but the first two are critical.

The current motion contains nothing suggesting that plaintiff has a likelihood of success on the merits of this action. What amounts to the same motion has been denied at all three levels of the state court system. Challenges to the judgment of foreclosure have not been successful, and the sheriff's sale

has been completed. That being the case, there appears from the face of the papers to be no substantial basis to block eviction.

There is, however, a more fundamental flaw. For all that appears here, the Court lacks subject matter jurisdiction to grant the relief the plaintiffs seek under the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus., Inc.*, 544 U.S. 280, 284, 125 S.Ct. 1517 (2005). It prevents the party who did not prevail in state court litigation from collaterally attacking the results of that litigation in federal court, claiming constitutional or other error. *See also B.S. v. Somerset County*, 704 F.3d 250 (3d Cir. 2013).

That is precisely what the plaintiffs seek to do here. Their motion is denied, and their letter, construed as a complaint, is dismissed for lack of jurisdiction. An appropriate order follows.

_____
KEVIN MCNULTY, U.S.D.J.